IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | 1:06-cv-1422-JDT-TAB CIVIL ACTION NO. |
| v. ) ) | |
| CMR PARTNERS, LLP D/B/A PONDEROSA STEAKHOUSE ) ) ) | COMPLAINT JURY TRIAL DEMAND |
| Defendant. ) ) | |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission") brings this action against CMR Partners, LLP d/b/a Ponderosa Steakhouse ("CMR") pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Alia Dollar who was adversely affected by such practices. As alleged in paragraph seven below, the Commission alleges that CMR subjected Alia Dollar to race discrimination in the form of harassment because of her race in continuing violation of Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, CMR, an Indiana corporation (the "Employer"), has continuously been doing business in the State of Indiana and the City of Anderson, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Alia Dollar filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2004, Defendant has engaged in unlawful employment practices at its facility in Anderson, Indiana, in continuing violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), in that Defendant discriminated against Alia Dollar based on race by subjecting her to harassment because of her race.

8. The effect of the discrimination complained of in paragraph seven above has been

to deprive Alia Dollar of equal employment opportunities and otherwise adversely affect her status as an employee because of her race.

9. The unlawful employment practices complained of in paragraph seven above were intentional.

10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the federally protected rights of Alia Dollar.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in racial harassment and any other employment practice which discriminates on the basis of race.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons of all races, with associations with persons of all races, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Alia Dollar by providing the affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Alia Dollar by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including reimbursement of attorneys fees and other miscellaneous expenses, in amounts to be determined at trial.

    E.    Order Defendant Employer to make whole Alia Dollar by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph seven above, including emotional pain, suffering, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, in amounts to be determined at trial.

    F.    Order Defendant Employer to pay Alia Dollar punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

*[signature]*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*[signature]*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*[signature]*
JOHANNA PHILHOWER MAPLE
Trial Attorney, #20245-49

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-5601
Fax: (317) 226-5571
johanna.maple@eeoc.gov